WO

KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert J. Stewart, Jr., | No. CV 20-02207-PHX-JAT (DMF) |
| Plaintiff, | |
| v. | **ORDER** |
| Corizon Healthcare, LLC, et al., | |
| Defendants. | |

On November 16, 2020, Plaintiff Robert J. Stewart, Jr., who is confined in the Arizona State Prison Complex-Eyman, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. In a December 3, 2020 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On December 24, 2020, Plaintiff filed a First Amended Complaint (Doc. 9). The Court will order Defendants Corizon, Beal, and Thomas to answer the First Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff

has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**II.    First Amended Complaint**

Plaintiff names the following Defendants in his two-count First Amended Complaint: Corizon Healthcare LLC (Corizon), Jane Doe 1, Nurse Beal, John Doe 1, Jane Doe 2, Nurse Practitioner Thomas, Jane Doe 3, and Jane Doe 4.  Plaintiff seeks monetary damages.

In **Count One**, Plaintiff alleges violations of his Eighth Amendment right to adequate medical care. Plaintiff claims that on September 18, 2016, he submitted a Health Needs Request (HNR) complaining of severe back pain that "disrupted the plaintiff's sleeping laying down, sitting, standing, and walking; causing the plaintiff to miss his meals." (Doc. 9 at 5.)[1] Plaintiff claims multiple Corizon employees informed him that his pain "did not meet the threshold for treatment" and "because of this[,] the plaintiff stopped complaining to Corizon Healthcare LLC." (*Id.*) On June 18, 2018, Plaintiff submitted an HNR complaining of extreme pain for three weeks, which Plaintiff attributed to his kidneys. (*Id.*) Defendant Jane Doe 1 scheduled an appointment. (*Id.* at 5.) Plaintiff claims he was "never seen by medical for the same serious medical need failing to treat [his] condition resulting in further injury pain, now shooting down left leg and under left foot." (*Id.*) Plaintiff asserts Defendant Corizon "purposefully failed to respond to [his] pain or medical need by denying and delaying medical treatment causing unnecessary and wanton infliction of pain." (*Id.*)

On June 26, 2018, Plaintiff submitted another HNR stating "kidney pain has gotten worse." (*Id.*) Plaintiff was not seen by medical staff. Plaintiff alleges that on June 28, 2018, he was "in so much pain [he] had to borrow a wheelchair from another prisoner to go into medical to physically give a HNR to a nurse because [he] hadn't been seen." (*Id.*) Plaintiff waited several hours before Defendant Beal "came into the waiting area holding [Plaintiff's] HNR and said 'this isn't going anywhere.'" (*Id.* at 6.) Plaintiff asserts she saw Plaintiff was in extreme pain and in a borrowed wheelchair, but told Plaintiff to "get out of the health unit and wrote a discipline report in retaliation against . . . Plaintiff for seeking emergency treatment." (*Id.*) Plaintiff claims Defendant Beal's decision not to treat him resulted in unnecessary and wanton infliction of pain.

On June 30, 2018, Plaintiff submitted another HNR because he had not been seen by medical, was suffering lower back pain, and had shooting pain in his left leg. (*Id.*) On

---

[1] The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

July 5, 2018, Plaintiff submitted another HNR because he was still in extreme pain and "had not seen a medical provider." (*Id.*)  Defendant Beal responded that he was "scheduled 7/9/2018, SNO given to return to work." (*Id.*)  Plaintiff alleges Defendant Beal "purposefully failed to respond to [his] pain and medical need by granting this Plaintiff a SNO (special needs order) to return to work without seeing a doctor[,] in absolute disregard to the serious medical need of . . . Plaintiff." (*Id.*)  Plaintiff contends this "policy or custom [is] promulgated or endorsed by Corizon LLC."

In **Count Two**, Plaintiff alleges his Eighth Amendment rights were violated when he was denied adequate medical care.  Plaintiff claims that on November 24, 2018, he fell to the floor "in agonizing pain while multiple prisoners yelled 'man down' for a[n] officer." (*Id.* at 9.)  Plaintiff was taken to the health unit on a gurney, but no medical staff was immediately available. (*Id.*)  Plaintiff was evaluated by a nurse, who called the doctor regarding Plaintiff's pain.  After the call, a nurse "apologized to the plaintiff because the doctor [Defendant John Doe 1] did not approve of a[n] extreme pain medication." (*Id.*)  Plaintiff contends Defendant John Doe 1 "made a decision that was a custom of Corizon LLC employees to deny adequate pain meds to this plaintiff and other prisoners in multiple states." (*Id.*)  Plaintiff claims that he could hear the nurse explaining to Defendant John Doe 1 that Plaintiff needed medication for extreme pain and that "this policy or custom of nurses calling doctors for prescription without the doctor ever seeing the patient was promulgated or endorsed by Corizon LLC." (*Id.* at 10.)  Plaintiff alleges Defendant John Doe 1's "failure to respond to . . . Plaintiff's pain caused unnecessary and wanton infliction of pain." (*Id.*)  Plaintiff states he was "still in tears writhing in pain as he was wheel-chaired back to his housing location." (*Id.*)

On November 25, 2018, Defendant Jane Doe 2 took Plaintiff's wheelchair away because Plaintiff did not have a Special Needs Order. (*Id.*)  Plaintiff explained that he was unable to stand, but Defendant Jane Doe 2 told him a Special Needs Order was still necessary. (*Id.* at 11.)  Plaintiff alleges Defendant Jane Doe 2 "gave . . . Plaintiff's emergency wheelchair to [another prisoner] without the issuance of a SNO." (*Id.*)  Plaintiff

claims that the policy of requiring a Special Needs Order was "promulgated or endorsed by Corizon Healthcare LLC" and that Defendant Jane Doe 2 "failed to respond to [his] pain or possible medical need." (*Id.*)  As a result of losing the wheelchair, Plaintiff required help from other prisoners to get to the shower and toilet and suffered unnecessary pain. (*Id.*)

On November 26, 2018, Plaintiff was evaluated by Defendant Nurse Practitioner Thomas who prescribed Tylenol 3, requested a consultation for an MRI, and issued a special needs order for bed rest, no duty, and meals in living quarters." (*Id.* at 12.)  Plaintiff claims that even though he was in a borrowed wheelchair and could not stand on his own, Defendant Thomas did not issue him a Special Needs Order for a wheelchair. (*Id.*)

On November 29, 2018, Plaintiff submitted an emergency HNR for a wheelchair. (*Id.*)  An appointment was scheduled for December 5, 2018, "two days after [the] current SNO expired." (*Id.*)  Plaintiff alleges "[Defendant] Nurse Jane Doe #3['s] decision [was] promulgated or endorsed by Corizon Healthcare LLC [and] left . . . Plaintiff going through unnecessary and wanton infliction of pain by having to stand while extreme back pain and extreme stabbing, shooting leg pain continued." (*Id.*)  Plaintiff claims Defendant Jane Doe 3 "failed to respond to the Plaintiff's pain or possible medical need by not responding to a[n] 'emergency' HNR that Jane Doe #3 initially signed on 11-31-18 [sic] and held HNR re-signing on 12-5-2018." (*Id.* at 12-13.)

On December 3, 2018, Plaintiff saw Defendant Jane Doe 4 and explained that his "SNO's expired that day and . . . plaintiff borrowed the wheelchair because he wasn't given one or [a] SNO for one."  Defendant Jane Doe 4 responded that "SNO's aren't renewed until after the expiration date." (*Id.* at 13.)  Plaintiff asserts this is untrue.  Plaintiff claims Defendant Jane Doe 4's "policy and/or decision promulgated or endorsed by Corizon Healthcare LLC of waiting until after expiration date of [a] SNO to renew [the] SNO left the Plaintiff without a means to go eat, go to bathroom, and pick up pain meds without [the] unnecessary and wanton infliction of pain." (*Id.*)  Plaintiff states he was never given a Special Needs Order for a wheelchair. (*Id.* at 14.)

Finally, Plaintiff claims he submitted multiple HNRs during December 2018 and January 2019, and nurses responded with "scheduled to see provider." Plaintiff claims that on January 22, 2019, the Facility Health Administrator stated in a grievance response, "I can confirm that an appointment was scheduled for you to be seen by the Medical provider on December 18, 2019[,] and again on January 3, 2019, however there is no documentation to evidence that you were seen by the provider." (*Id.* at 14.) Plaintiff alleges Defendant Thomas was his medical provider at the time and asserts Thomas denied his request to renew his "lay in tray," contrary to the recommendation of nurses who assessed Plaintiff. (*Id.* at 15.) Plaintiff states he still has extreme back pain and that "the policy or decision of NP Thomas was promulgated or endorsed by the private entity Corizon Healthcare LLC," as evidenced "by the way this prison doctor responded to the plaintiff[']s medical needs[;] this substantial indifference by NP Thomas caused Plaintiff to continue unnecessary and wanton infliction of pain." (*Id.*)

After Centurion replaced Defendant Corizon has the contract medical provider, Plaintiff received an MRI and physical therapy, "even [though] NP Thomas is still the doctor, therefore it is alleged it had to be Corizon Healthcare LLC guiding NP Thomas[']s decision." (*Id.* at 16.)

### III.    Failure to State a Claim

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth Amendment. To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm

exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. Cal. Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

### A.     Count One

In Count One, Plaintiff alleges Defendant Jane Doe 1 scheduled a medical appointment for him after he submitted a June 18, 2018 HNR, but he was "never seen by medical" for his pain. These allegations are insufficient to show Defendant Jane Doe 1 was deliberately indifferent to his serious medical needs. Plaintiff alleges only that Defendant Jane Doe 1 scheduled an appointment for him; he does not allege that she was responsible for ensuring he saw a medical provider thereafter or that she took some additional action that resulted in Plaintiff not seeing a medical provider. The Court will dismiss without prejudice Defendant Jane Doe 1.

### B.     Count Two

In Count Two, Plaintiff alleges Defendant John Doe 1 denied him "a[n] extreme pain medication," after the nurse contacted Defendant John Doe 1 for instructions regarding Plaintiff's pain.  These allegations are insufficient state an Eighth Amendment claims for medical deliberate indifference because it is unclear whether Defendant John Doe 1 was aware of the extent of Plaintiff's pain, whether Defendant John Doe 1 prescribed over-the-counter medications or other pain management tools, and how much time passed before a medical provider was available to examine Plaintiff in person.  The Court will dismiss without prejudice Defendant John Doe 1.

Plaintiff further claims that Defendant Jane Doe 2 took Plaintiff's wheelchair because Plaintiff did not have a Special Needs Order for a wheelchair, as required by Corizon's policy.  This allegation is insufficient to show Defendant Jane Doe 2 was deliberately indifferent to Plaintiff's serious medical needs.  Plaintiff similarly claims Defendant Jane Doe 3 did not immediately respond to his emergency HNR for a wheelchair.  While Defendant Jane Doe 3's failure to promptly respond might constitute negligence, it is insufficient to state an Eighth Amendment claim for deliberate indifference to medical needs.  Finally, Plaintiff claims Defendant Jane Doe 4 told him that, pursuant to Corizon's policy, Special Needs Orders could not be renewed until after their expiration date.  Plaintiff does not allege Defendant Jane Doe 4 had authority to issue him a Special Needs Order for a wheelchair or that she did more than convey policy information to Plaintiff.  Plaintiff has therefore failed to state an Eighth Amendment medical claim against Defendant Jane Doe 4.  The Court will dismiss without prejudice Defendants Jane Doe 2, Jane Doe 3, and Jane Doe 4.

### IV.    Claims for Which an Answer Will be Required

Liberally construed, Plaintiff has adequately stated Eighth Amendment medical claims against Defendant Beal in Count One, Defendant Thomas in Count Two, and Defendant Corizon in Counts One and Two.  The Court will require these Defendants to answer the First Amended Complaint.

TERMPSREF

## V. Warnings

### A. Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Because Plaintiff is currently confined in an Arizona Department of Corrections unit subject to General Order 14-17, Plaintiff is not required to serve Defendants with a copy of every document he files or to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4. Plaintiff may comply with Federal Rule of Civil Procedure 5(d) by including, with every document he files, a certificate of service stating that this case is subject to General Order 14-17 and indicating the date the document was delivered to prison officials for filing with the Court.

**If** Plaintiff is transferred to a unit other than one subject to General Order 14-17, he will be required to: (a) serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files, and include a certificate stating that a copy of the filing was served; and (b) submit an additional copy of every filing for use by the Court. *See* Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

. . . .

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Defendants Jane Doe 1, John Doe 1, Jane Doe 2, Jane Doe 3, and Jane Doe 4 are **dismissed** without prejudice.

(2)     Defendant Corizon must answer Counts One and Two of the First Amended Complaint (Doc. 9), Defendant Beal must answer Count One, and Thomas must answer Count Two.

(3)     The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendants Corizon, Beal and Thomas.

(4)     Plaintiff must complete[2] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(6)     The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

---

[2] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

(7)     The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.

(8)     A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(9)     The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)     personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) and/or Rule 4(h)(1) of the Federal Rules of Civil Procedure; and

(b)     within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

     (10)    Defendants must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

     (11)    Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

     (13)    This matter is referred to Magistrate Judge Deborah M. Fine pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 21st day of January, 2021.

_____
James A. Teilborg
Senior United States District Judge