WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert J Stewart, Jr.,<br><br>  Plaintiff,<br><br>v.<br><br>Corizon Healthcare LLC, Unknown Beal, and Unknown Thomas,<br><br>  Defendants. | No. CV-20-02207-PHX-JAT<br><br>**ORDER** |

The dispositive motion deadline in this case expired on November 1, 2021. (Doc. 18). No dispositive motions were filed. Thus, this Court withdrew the pretrial reference to the Magistrate Judge. (Doc. 35). The Court also attempted to set this case for trial by asking the parties to advise the Court of their availability rather that set a trial date without their input. (*Id.*). As discussed more fully below, defense counsel argues that the Court's failure to set an imminent trial date is a basis for extending the time to file dispositive motions, when in fact the Court's failure to set a trial date was merely a courtesy to the parties.

Regardless, the parties were ordered to provide the Court with proposed trial dates by November 12, 2021. Instead of complying with this Order, defense counsel moved to extend the expired dispositive motion deadline and to extend the deadline to file proposed trial dates. (Docs. 37 and 38). (In Doc. 38, counsel effectively withdrew Doc. 37). Defense counsel's arguments do not provide a basis to extend either deadline.

Specifically, counsel W. Pierce Sargeant IV of the law firm of Quintairos, Prieto,

Wood & Boyer, P.A., substituted in as counsel in place of Ellen Burno, of the same law firm, for Defendant "Corizon Health, Inc." on November 4, 2021. (Doc. 36). In this filing, counsel Sargeant acknowledges that counsel Anthony Fernandez, of the same law firm, remains counsel of record for "Corizon Health, Inc." (Doc. 36). For reasons stated below, the filing at Doc. 36 is ambiguous. However, the Court notes that counsel Fernandez has been counsel of record since the first Defendant answered (Doc. 14) including when the scheduling order issued (Doc. 18).

Although counsel Sargeant only filed a substitution for Defendant Corizon Health, Inc., in his motion filed at Doc. 38, he claims to be filing on behalf of Defendants "Corizon Healthcare, LLC, and Siji Thomas, NP". The Court notes that in the operative complaint (filed December 24, 2020), Corizon Healthcare, LLC is a named Defendant, not Corizon Health Inc. Nonetheless, the proof of service filed in this case purports to have served Corizon Health, Inc. (Doc. 28). Further, Defendant Corizon Health, Inc. answered at Doc. 30, at 1, line 17. The Court does not know the status of Defendant Corizon Healthcare LLC, on whose behalf the motion was filed (Doc. 38) other than to note that both parties seem to be using the two names interchangeably. And perhaps they are the same entity; "Corizon" has previously represented, "Corizon, Inc. has been converted to Corizon, LLC. Corizon, LLC is a wholly owned subsidiary of Corizon Health, Inc. Corizon Health, Inc. is a wholly owned subsidiary of Valitás Health Services, Inc. Valitás Health Services, Inc. is a wholly owned subsidiary of Valitás, Inc. Valitás, Inc. is a wholly owned subsidiary of Valitás Equity, LLC." *See* CV 17-3100, Doc. 18 at 2.

To further complicate matters, as indicated above, Doc. 38, is filed on behalf of 2 Defendants: "Corizon" and Siji Thomas. However, counsel Fernandez represents a third Defendant in this matter: Melissa Beal, RN. Counsel Fernandez and Bruno filed an answer on Defendant Beal's behalf at Doc. 27. The Court does not know why Ms. Beal's deadlines would be bifurcated from the other deadlines in this case, such that she – although represented by the same counsel in Mr. Fernandez – does not seek to extend any deadlines. The Court will not have this case on different tracks for different Defendants; thus, this

alone would be a basis to deny the requests for more time.

Nonetheless, turning to the merits, counsel Sargeant seems to argue three reasons why an extension of the dispositive motion deadline should be granted: 1) the appearance of "new" counsel (Doc. 38 at 2); 2) the global pandemic (Doc. 38 at 4), and 3) a delay in receiving discovery (Doc. 38 at 3).  Preliminarily, the Court notes that the test Defendants apply in their motion is the test for reopening discovery after it has closed.  *See* (Doc. 38 at 2 citing *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017)).  Thus, this test includes factors like whether the movant was diligent in obtaining discovery during the discovery period and whether it was foreseeable that additional discovery would be needed.  *Id.*  In this case, however, Defendants do not seek to reopen discovery.  They instead seek to file an untimely dispositive motion.  Thus, the Court finds these factors inapposite.

A Rule 16 scheduling order may be modified for good cause and with the judge's consent.  Fed. R. Civ. P. 16(b)(4).  "…Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Generally, to meet its burden under Rule 16's "good cause" standard, the movant shall show:

> (1) that [the movant] was diligent in assisting the Court in creating a workable Rule 16 [O]rder; (2) that [the movant's] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the movant's] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [the movant] was diligent in seeking amendment of the Rule 16 [O]rder, once it became apparent that [the movant] could not comply with the [O]rder.

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted). The Ninth Circuit Court of Appeals has also recognized that, "[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609. However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*

"Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (citations omitted).

Here, the Court does not find that defense counsel was diligent. First, with respect to the argument that "new" counsel was assigned, counsel Fernandez and his firm have been defense counsel throughout this case; thus, it is inaccurate to suggest there is "new" counsel. Further, the newly assigned counsel, Mr. Sargeant, appeared *after* the relevant deadline expired. A court's deadlines cannot be circumvented by assigning a new lawyer within the same firm to the case after the deadline expires to then argue it should be revived. Thus, the late addition of Mr. Sargeant to the defense team does not show diligence in attempting the comply with the scheduling order.

Next, defense counsel argues that "It was not foreseeable that…there would be disruptions caused by a global pandemic…." (Doc. 38 at 4). However, defense counsel makes no actual argument as to how the "global pandemic" prevented the firm from filing a dispositive motion by the November 1, 2021 dispositive motion deadline. Moreover, this case was filed in November 2020, and the scheduling order was issued in 2021. The Court believes everyone was aware of the pandemic by November 2020 and could have taken any attendant delays into account at the time the scheduling order issued.

Finally, with respect to the delay in receiving discovery, counsel Sargeant states that Plaintiff returned the waiver for his medical records in May 2021. (Doc. 38 at 3). Counsel Sargeant then states that for some unknown period of time, his firm did nothing with this waiver. (*Id.*). Eventually, the firm sent the waiver to the medical provider and the records were received by defense counsel September 2, 2021. (*Id.*). This unaccounted-for delay of approximately four months by the movant fails to show diligence in attempting to complete discovery within the court's scheduling order. Moreover, counsel has failed to offer any reason why, after receiving the records on September 2, 2021, a dispositive motion could not have been filed by the November 1, 2021 deadline.

For all of the foregoing reasons, the Court finds that the movant has failed to show diligence in attempting to comply with the scheduling order and has, therefore, failed to show good cause to extend the dispositive motion deadline in the scheduling order. Thus, the defense motion will be denied.

Turning to Plaintiff, the Court notes that neither the Court, nor defense counsel, has contact information for Plaintiff other than a mailing address. Thus, defense counsel was unable to confer with Plaintiff about these requests for more time prior to filing the motions as is required by the Local Rules. Plaintiff will be required to give defense counsel a phone number and, if possible, an email address to facilitate the parties' communication in preparing the pretrial documents.

Further, the Court cautions Plaintiff that the obligation to provide this Court with an estimate length of trial and proposed trial dates as required by this Court's November 2, 2021 Order was a *joint* obligation. Thus, Plaintiff was not permitted to ignore the Court's Order; instead, Plaintff had an affirmative obligation to reach out to defense counsel in an attempt to timely file the required document. Plaintiff is cautioned that future failures to comply with Court orders may result in dismissal of this action for failure to prosecute and failure to comply with Court orders. *See* Fed. R. Civ. P. 41(b).

Finally, with respect to a trial date, as indicated above, the Court was imminently setting a trial date, but was offering the parties an opportunity for input as to what that date would be. Neither party timely offered such input. Moreover, the Court is concerned with defense counsel's suggestion that they are too busy to be available for trial within next six months as a further reason why they did not submit proposed dates. (Doc. 38 at 2-3 ("In addition, counsel for Defendant has a heavy trial calendar between 3/28/22 and 5/2/22 which will present issues with scheduling within the window proposed. Setting a trial date within the window is **not certain** and thus the trial date would likely be **even less imminent tha[n] as currently proposed**." (emphasis added)). Setting a trial date within this window *is* certain. The Court will set trial as outlined below. The parties have waived the opportunity to have input as to their preferred trial date by their failure to comply with the

Court's Order at Doc. 35.  The Court finds no reason why the parties could not propose a trial date while a motion to extend the dispositive motion deadline was pending.

Based on the foregoing,

**IT IS ORDERED** that the motion at Doc. 37 is deemed to be withdrawn by Doc. 38.

**IT IS FURTHER ORDERED** that the motion to extend deadlines (Doc. 38) is denied.

**IT IS FURTHER ORDERED** that Plaintiff must provide defense counsel with the contact information required above within 7 days of the date of this Order.

**IT IS FURTHER ORDERED** that the parties must file a joint estimated length of trial within 14 days.

**IT IS FINALLY ORDERED** setting trial to begin <u>Monday, April 4, 2022 at 9:00 a.m.</u>  An order setting the final pretrial conference will follow.  The deadline to file a proposed final pretrial order is vacated, to be reset by this Court in the forthcoming order setting final pretrial conference.

Dated this 16th day of November, 2021.

James A. Teilborg
Senior United States District Judge